880 F.2d 1321
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cletus Ray OLLER, Petitioner-Appellant,
v.
Al PARKE, Warden; Attorney General of Kentucky,
Respondents-Appellees.
 No. 88-5726.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1989.
 
 Before WELLFORD and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Cletus Ray Oller appeals the dismissal of habeas corpus filed under 28 U.S.C. Sec. 2254. Oller pleaded guilty to murder and was sentenced to life imprisonment. Oller sought state post-conviction relief on the grounds, inter alia, that his plea was taken in violation of the requirements enunciated in Boykin v. Alabama, 395 U.S. 238 (1969). The trial court denied post-conviction relief, the Kentucky Court of Appeals affirmed the denial and the Kentucky Supreme Court denied discretionary review.
 
 
 3
 Thereafter, Oller filed his petition for writ of habeas corpus in the district court asserting the same grounds for relief that he asserted in the state courts. The magistrate recommended that the writ issue and both Oller and the state filed objections to the magistrate's recommendation. The district court rejected the magistrate's recommendation and dismissed the petition. Upon consideration, we conclude that the petition was properly dismissed.
 
 
 4
 On appeal, Oller reiterates his contention that his plea was improperly taken. Generally, a guilty plea is valid if entered voluntarily, knowingly, and intelligently as determined from the totality of the circumstances. See Brady v. United States, 397 U.S. 742, 749 (1970). The record should reflect a full understanding of the direct consequences of the plea. North Carolina v. Alford, 400 U.S. 25, 31 (1970). However, no precise litany of rights waived is required. Campbell v. Marshall, 769 F.2d 314, 324 (6th Cir.1985), cert. denied, 475 U.S. 1048 (1986).
 
 
 5
 Here, the district court correctly concluded that the record reflects a valid guilty plea. Although the district court drew support for its conclusion from an aborted Alford plea conducted the same morning as the guilty plea in question, the aborted plea is part of the totality of the circumstances which must be considered. See Brady, 397 U.S. at 749. The record reflects a full understanding of the consequences of the plea. Alford, 400 U.S. at 31.
 
 
 6
 Finally, Oller contends that the duplicate transcript of his plea was improper because it has not been certified. However, a duplicate is admissible evidence absent a genuine question regarding its authenticity or circumstances in which it would be unfair to admit the duplicate. Fed.R.Evid. 1003. Here, Oller has provided no reasonable basis for his objection to the duplicate transcript.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.